NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3349

REGINALD B. MCFADDEN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Reginald B. McFadden, of Alexandria, Virginia, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3349

REGINALD B. MCFADDEN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:   February 12, 2007

_____

Before MAYER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Reginald B. McFadden appeals the final decision of the Merit Systems Protection Board, McFadden v. Dep't of Treasury, DC-0752-06-0006-I-1 (M.S.P.B. June 13, 2006), which rendered final the initial decision upholding his removal, McFadden v. Dep't of Treasury, DC-0752-06-0006-I-1 (M.S.P.B. Jan. 4, 2006).  We affirm.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without required

procedures; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Here, the board properly found that McFadden engaged in conduct unbecoming a member of the Senior Executive Service. First, substantial evidence supports the two specifications that he failed to comply with written directives issued to him on April 22 and 25, 2004. In particular, the government introduced evidence that he was sent the directives by email, that he had access to his email after the directives were sent, and that the directives were not adequately and timely completed. Second, the specification for making a false official statement is also supported by substantial evidence. There was testimony that McFadden denied knowledge of how an item was placed on a discussion list for a meeting, and email evidence established that he had in fact requested that the item be placed on the list. To the extent there was conflicting testimony or evidence concerning these three specifications, the board's credibility determinations cannot be disturbed within our limited standard of review.

McFadden also contends that his removal was an unreasonable penalty. Our cases make clear that penalty determinations are within an agency's discretion and will not be overturned unless wholly unwarranted. We see no error in the analysis leading to his removal, nor do we find it outside the tolerable bounds of reasonableness.

Finally, McFadden contends that his procedural due process rights were violated by the ex parte presentation of evidence to the deciding official. The ex parte presentation of new and material information to a deciding official may rise to the level of a procedural due process violation. The initial decision did not expressly address this issue, and the government argues that McFadden waived it by failing to present it adequately to the administrative judge ("AJ"). Regardless of whether it was waived, the

initial decision is fairly read as implicitly concluding that the new evidence was not material. Indeed, the AJ determined that McFadden sent and received other emails during the time period in which he would have received the directive from his supervisor, and that he should have been able to obtain access to another computer to engage in email correspondence. These determinations compel the conclusion that whether McFadden had a Blackberry, which was the new evidence presented ex parte, was not material because of other evidence clearly establishing his access to email. In other words, the initial decision suggests that this evidence was not so substantial or prejudicial such that its ex parte presentation would constitute a due process violation.